IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>    Plaintiff,<br><br>v.<br><br>FOGO DE CHAO CHURRASCARIA<br>(CHICAGO), LLC,<br><br>    Defendant. | Case No. 07 C 6750<br><br>Judge Marovich<br>Magistrate Judge Schenkier |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, FOGO DE CHAO CHURRASCARIA (CHICAGO), LLC ("Fogo de Chao"), by and through its attorneys, J. Patrick Herald and Michael C. McCutcheon, hereby move this Court pursuant Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Class Action Complaint ("Complaint"):

1. On November 30, 2007, Plaintiff filed a Complaint on behalf of himself and a purported class alleging a violation of 15 U.S.C. § 1681c(g), a provision of the Fair and Accurate Credit Transactions Act ("FACTA"), enacted in 2003 as an amendment to the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq*). This provision provides, in pertinent part:

> Except as otherwise provided in this subsection, no person that
> accepts credit cards or debit cards for the transaction of business
> shall print any more than the last five digits of the card number or
> the expiration date upon any receipt provided to the cardholder at
> the point of sale or transaction. *See* 15 U.S.C. § 1681c(g).

2. Plaintiff claims that Fogo de Chao willfully violated this provision on February 17, 2007, April 21, 2007, and July 23, 2007, when he received from Fogo de Chao, at its establishment at 661 N. LaSalle Street, Chicago, Illinois, a computer generated cash register

receipt which displayed Plaintiff's American Express card expiration date. (Cmplt. ¶¶ 15, 17). Plaintiff also claims, on information and belief, that Fogo de Chao knew of the prohibition on the printing of expiration dates and acted willfully in allowing his to be printed. (Cmplt. ¶ 33).

3. Plaintiff does not allege that his credit card account number was left exposed or that he has been a victim of identity theft as a result. As such, Plaintiff does not allege that he has suffered any actual injury, but instead seeks statutory damages, attorneys' fees, litigation expenses and punitive damages.

4. Plaintiff's Complaint is legally deficient and should be dismissed in its entirety, with prejudice, pursuant to Rule 12(b)(6) for the following reasons:

    a. The legislation relied upon by Plaintiff establishes no private right of action for "cardholders" under § 1681c(g); and

    b. Even if a private right of action does exist, Plaintiff's Complaint does not plead sufficient facts to state a claim for a willful violation of § 1681c(g) in light of the recent United States Supreme Court decisions in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).

5. In support of this Motion, Fogo de Chao incorporates herein and files contemporaneously its Memorandum of Law in Support of Its Motion to Dismiss.

WHEREFORE, Defendant, FOGO DE CHAO CHURRASCARIA (Chicago), LLC, requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: March 7, 2008

                                                FOGO DE CHAO CHURRASCARIA (CHICAGO) LLC

                                                By:  s / Michael C. McCutcheon
                                                          One of its Attorneys

Firm I.D. #28
J. Patrick Herald
Michael C. McCutcheon
BAKER & McKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
+1 312 861 8000

CHIDMS1/2603504.1