IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOGO DE CHAO CHURRASCARIA<br>(CHICAGO), LLC,<br><br>　　　　Defendant. | Case No. 07 C 6750<br><br>Judge Marovich<br>Magistrate Judge Schenkier |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

　　Defendant, FOGO DE CHAO CHURRASCARIA (CHICAGO), LLC ("Fogo de Chao" or "Defendant"), submits the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint") pursuant to Rule 12(b)(6).

**I.　　INTRODUCTION**

　　Plaintiff's Complaint is one of a rash of lawsuits seeking to exploit the well-reported confusion surrounding a newly enacted amendment to the Fair Credit Reporting Act ("FCRA") that requires merchants to truncate their patrons' credit card account numbers and expiration dates on printed receipts. *See* 15 U.S.C. § 1681c(g)(the Fair and Accurate Credit Transactions Act ("FACTA")). The amendment was intended to keep account numbers out of the hands of identity thieves. However, Plaintiff does not allege that Fogo de Chao failed to truncate his account number. Rather, Plaintiff alleges only that Fogo de Chao neglected to remove the expiration date of his American Express card from three receipts he received at the restaurant. No other "wrongs" are alleged: Plaintiff does not allege, for example, that he has been a victim of identity theft because Fogo de Chao neglected to remove the expiration date. According to

Plaintiff, Fogo de Chao must be punished simply because its cash register was not programmed to remove expiration dates from its receipts.

Since FACTA became effective on December 4, 2006, Plaintiff's law firm has filed at least seven cases in the Northern District of Illinois alleging the same technical violations of the statute against other merchants, including three additional suits filed on behalf of Mr. Di Cosola.[1] Plaintiff is not the only person involved in this litigation malady. Recent estimates suggest that over one hundred FACTA suits have been filed in this district alone. The other lawsuits, like this one, seek to recover statutory damages ranging between $100 and $1000 per violation, punitive damages and attorneys fees, but *none of them have pled any actual harm to any plaintiff*. Because he has no actual damages, Plaintiff here tries, unsuccessfully, to plead a "willful" violation of the statute. However, instead of pleading facts that would reveal the details of the alleged wrong, he relies upon sweeping, conclusory allegations of willful misconduct.

Plaintiff's avid motivation for this suit is exposed by his lack of injury, and concomitant lack of facts. His suit represents a textbook example of a professional plaintiff who files numerous suits designed to extract settlement money from businesses that have caused no actual harm, yet face many thousands of dollars in potential exposure. This litigation arbitrage, in which predatory plaintiffs take advantage of a mistake (or at least ambiguity) in the language of a statute for financial gain, serves no intended purpose and should be cut-off before it truly begins. A fair reading of FACTA leads to the conclusion that Congress did not intend the statute to be used to unreasonably and unfairly penalize legitimate, conscientious merchants who, like Fogo de Chao, are not accused of anything more than an oversight or misinterpretation of the law.

---

[1] *Barbieri v. Redstone American Grill, Inc.*, No. 07-cv-05758; *Lattas v. Mercury Café, Inc.*, No. 07-cv-06296; *Lattas v. Spring Restaurant Group, et al.*, No. 07-cv-06309; *Lattas v. Taste America Restaurant Group*, No. 07-cv-06569; *DiCosola v. Brazzaz, LLC*, No. 07-cv-06746; *DiCosola v. Café Central, Inc.*, No. 07-cv-06748; *DiCosola v. Palmet Venture, LLC*, No. 07-cv-06755.

Regardless of the policy reasons for refusing Plaintiff's complaint, he has failed to state a claim sufficiently detailed to survive this Court's scrutiny under the standard articulated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). The Complaint should be dismissed.

## II.    FACTUAL ALLEGATIONS

Plaintiff, Joseph Di Cosola, is a resident of this district who, on February 17, 2007, April 21, 2007, and July 23, 2007, allegedly visited the Fogo de Chao restaurant located at 661 N. LaSalle Street, Chicago, Illinois, 60610. (Cmplt. ¶¶ 15, 17). At that time, Plaintiff received a computer-generated cash register receipt which displayed Plaintiff's American Express card expiration date. (Cmplt. ¶ 17). Plaintiff alleges, on information and belief, that Fogo de Chao knew of the truncation requirement and prohibition on the printing of expiration dates or was reckless in its failure to follow those requirements in light of the information readily available to it. (Cmplt. ¶ 33). Further, Plaintiff alleges that Fogo de Chao accepts Visa card and MasterCard, and, on information and belief, is a party to a contract requiring compliance with Visa's "Rules for Visa Merchants." (Cmplt. ¶¶ 38-39). As a result, Plaintiff contends that Fogo de Chao has willfully disregarded FACTA's requirements by continuing to use cash register or other machines or devices that print receipts in violation of FACTA. (Cmplt. ¶ 42). Plaintiff seeks to recover statutory damages, punitive damages, attorneys fees and costs for himself and a purported class of similarly situated individuals.

## III.    ARGUMENT

Plaintiff's Complaint fails, as a matter of law, for two reasons. First, the legislation relied upon by Plaintiff establishes no private right of action for "cardholders" under § 1681c(g), and the Complaint must be dismissed for this reason alone. Second, and assuming that a private right of action does exist, Plaintiff's Complaint does not plead the willful conduct required, even

under Plaintiff's self-serving interpretation of the statute.

### A.   Plaintiff Possesses No Private Right of Action Under § 1681c(g).

Plaintiff brings this complaint for a violation of § 1681c(g), yet a plain reading of the statute establishes no private right of action under this provision. In the absence of such a right, Plaintiff's complaint must be dismissed. When construing a statute, words included within statutes should be interpreted using their "plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States v. Davis*, 471 F.3d 783, 787 (7th Cir. 2006). Section 1681c(g) explicitly applies to "cardholders" when it states:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the **cardholder** at the point of the sale or transaction.

15 U.S.C. § 1681c(g) (emphasis added).

In contrast, other provisions of FCRA use the term "consumer." *See, e.g.*, § 1681c-1(a)(1) ("good faith suspicion that the *consumer* has been or is about to become a victim of fraud or related crime, including identity theft"); *see also* § 1681c-2(a); § 1681d; § 1681g(a); § 1681h(e). Under FCRA, a "consumer" is defined as an "individual" (15 U.S.C. § 1681a(c)), but the term "cardholder" is not defined. Nevertheless, this Court can take notice of the fact that the terms are different and distinct – not all cardholders are consumers (*i.e.*, individuals) and not all consumers are cardholders. The tenants of statutory construction compel this Court to recognize that this distinction was intended by the Legislature.

This distinction is significant because the provisions relied upon by Plaintiff for the prosecution of a private action under FCRA are confined to actions brought by "consumers," not "cardholders." The FCRA includes no provision creating a private right of action for

"cardholders." Specifically, Plaintiff invokes § 1681n of FCRA in his Complaint:

> Any person who willfully fails to comply with any requirement imposed under this title **with respect to any consumer is liable to that consumer...** (*See* Cmplt. ¶ 43) (emphasis added).

Similarly, § 1681o provides a right of relief for "consumers" wronged by negligent conduct when it states:

> Any person who is negligent in failing to comply with any requirement imposed under this title **with respect to any consumer is liable to that consumer...** (emphasis added).

Plaintiff's problem is this: Section 1681c(g) establishes requirements with respect to "cardholders," not "consumers," but § 1681n sets forth a private right of action for "consumers" not "cardholders." The only conclusion to be made from a fair reading of these provisions is that no private right of action was expressly provided, or legislatively intended, under § 1681c(g). Had Congress wanted to establish a private right of action for a violation of a § 1681c(g), it would have drafted that section's prohibitions to apply to "consumers," or would have amended § 1681n to provide a remedy not only for "consumers," but also for "cardholders."

The interpretation Fogo de Chao urges does not render § 1681c(g) meaningless or without a method of enforcement. To the contrary, enforcement of § 1681c(g) is in the hands of the Federal Trade Commission ("FTC"). Section 1681s(a)(1) of FCRA states in pertinent part:

> (1) Enforcement by the Federal Trade Commission. Compliance with the requirements imposed under this title [Section 1681 *et seq.*] shall be enforced under the Federal Trade Commission Act by the Federal Trade Commission with respect to consumer reporting agencies and **all other persons subject thereto...** (emphasis added).

Courts must "presum[e] that a remedy was deliberately omitted from a statute... when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." *Northwest Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S.

77, 97, 101 S. Ct. 1571 (1981). Fogo de Chao's contention is supported by precedents of the highest order.

Government enforcement also makes sense. Technical violations of § 1681c(g), for which there are no actual damages, can be efficiently addressed by the FTC under its enforcement authority. A private right of action under § 1681, on the other hand, does not make sense. The imposition of potentially enormous, catastrophic statutory damages awards for purported technical violations of the statute will result in a private windfall where there are no allegations of any actual harm or injury. Not only would such awards violate the Due Process Clause of the Fourteenth Amendment and settled tort law principles, but for present purposes, this fact supports a determination that no private right of action was intended for "cardholders" under § 1681c(g).[2] Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

**B.    Plaintiff's Complaint Fails to Plead Sufficient Facts to State a Claim for a Willful Violation of Section § 1681c(g).**

Assuming for the sake of argument that a private right of action does exist, plaintiff does not – and cannot – state a claim for a willful violation of § 1681c(g). Recently, the Supreme Court of the United States provided a unified definition of "willful" as it relates to violations under FCRA, of which FACTA is a part. *See Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). In *Safeco*, the defendants were aware of requirements imposed by FCRA requiring an insurance company to give an affected consumer notice of an "adverse action." *Id.* at 2206. The defendant interpreted these requirements such that it did not believe its conduct violated FCRA. *Id.* At issue was whether the defendant acted "willfully" in

---

[2] The Supreme Court and other federal courts have recognized that awarding extensive statutory and/or punitive amounts to a party who suffers merely minor actual damages violates Due Process. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Anderson v. Capital One*, 224 F.R.D. 444 (W.D. Wisc. 2004). Further, tort law requires the demonstration of harm from which damages may be reasonably determined. *Doe v. Chao*, 540 U.S. 614 (2004). Plaintiff's complaint is void of any assertion of actual harm or damage caused by the alleged statutory violation.

misinterpreting the meaning of the statute's reference to "adverse action." *Id.* at 2207.

The Supreme Court held that the statutory language was "less-than-pucid," and that the defendant's interpretation had been reasonable. *Id.* at 2216. In its analysis, the Supreme Court initially observed that "'willfully' is a 'word of many meanings whose construction is often dependent on the context in which it appears,'" *Id.* at 2209 (quoting *Bryan v. United States*, 524 U.S. 184, 191, 118 S. Ct. 1939 (1998)). The Supreme Court further noted that "where willfulness is a statutory condition of civil liability, [it had] generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Id.* (citations omitted). Such a construction, the Court stated, "reflect[ed] common law usage, which treated actions in 'reckless disregard' of the law as 'willful' violations." *Id.* (citations omitted). The Court held that the phrase "willfully fails to comply," as used in FCRA, should be read in accord with this "standard civil usage" of the term. *Id.* at 2209. Conventional civil usage "thus counsels reading the phrase 'willfully fails to comply' in § 1681n(a) as reaching reckless FCRA violations." *Id.*

Plaintiff's Complaint fails to plead sufficient facts to state a claim for a willful violation of § 1681c(g) for two reasons: (1) Plaintiff's allegations based "on information and belief" are insufficient to satisfy the *Twombly* standard; and (2) the vague requirements of § 1681c(g) negate the possibility of a willful violation based solely upon providing Plaintiff with a receipt displaying his credit card expiration date.

### 1. Plaintiff's Allegations Based "on Information and Belief" are Insufficient to Satisfy the *Twombly* Standard.

Under Fed. R. Civ. P. 8(a)(2), Plaintiff's Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court recently clarified this pleading standard. 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). In *Twombly*, the Supreme Court held that a viable

complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1964-65. The Court went on to state that, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Together, it means that Plaintiff must present more than "mere unsupported conclusions of fact or mixed fact and law." *Id.* Accordingly, *Twombly* heightened the standard under which federal pleadings are scrutinized. Under *Twombly*, plaintiffs may no longer rely upon "labels and conclusions" but rather must plead facts establishing a claim is plausible, not merely possible. *Id.*

The Seventh Circuit recognized the *Twombly* pleading standard shortly after it was announced, but has offered competing interpretations of the new standard in its subsequent decisions. Most recently, the Seventh Circuit read *Twombly* in light of the Supreme Court's decision, just two weeks later, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), observing that "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Killingsworth v. HSBC Bank Nevada, NA*, 507 F.3d 614, 619 (7th Cir. 2007); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). This "sketchiness test," as it has been called, is undeniably vague, and although the Seventh Circuit applied the test in *Killingsworth*, the court's terse rejection of the challenge to the complaint in that case did little to explain how much development is needed to ensure that the factual basis for a claim is not impermissibly "sketchy." In any event, Plaintiff fails to meet either the *Twombly* standard or the "sketchiness test" articulated by the Seventh Circuit in *Killingsworth*.

For example, Plaintiff has no idea whether Fogo de Chao had any knowledge regarding FACTA, its attendant obligations or whether or not Fogo de Chao was complying with FACTA.

Plaintiff's uncertainty is clearly reflected in the fact that Plaintiff's only allegations pertaining to willfulness are made only "on information and belief." (Cmplt. ¶¶ 33, 34, 39). Allegations made solely "on information and belief" are by their very nature speculative and insufficient to satisfy the *Twombly* standard. Such allegations, including the bare conclusory allegation that "[o]n information and belief, Defendant knew of the truncation requirement and prohibition on the printing of expiration dates **or** was reckless in its failure to follow those requirements in light of the information readily available to it," are no more than speculation. *See* Cmplt. ¶ 33 (emphasis added); *see also, Swift v. First USA Bank*, No. 98 C 8238, 1999 U.S. Dist. LEXIS 16192, *? (N.D. Ill. Sep. 30, 1999) (dismissing a FCRA suit and holding that "pleading "upon information and belief" is patently improper and insufficient under the requirements of federal law"); *United States v. Velazquez*, No. 96 CR 291, 1997 U.S. Dist. LEXIS 7999, *28 (N.D. Ill. June 5, 1997) (labeling allegations made "on information and belief" as speculation); *De La O v. Housing Auth. Of the City of El Paso, Texas*, 417 F.3d 495, 501-02 (5th Cir. 2005) (referring to allegations "on information and belief" as speculation). This type of speculative pleading is exactly the type of pleading found insufficient in *Twombly*.

Consequently, pleadings based "on information and belief" alone cannot meet the standard set forth in *Twombly* – that pleadings must set forth facts showing an entitlement to relief and more than mere speculation. *Twombly*, 127 S. Ct. at 1965. Plaintiff's entire claim that Fogo de Chao willfully violated § 1681c(g) is based purely on conjecture and speculation. This Court should not allow Plaintiff to proceed to discovery so that Plaintiff can embark upon an expedition in search of support of his unsubstantiated allegations. *Twombly* specifically cautions against such action, finding that it constitutes an abuse of pleadings and the judicial process. *Id.*

Indeed, the Complaint in this case, once stripped of its conclusory allegations of "willful"

action, fails to allege facts plausibly suggesting an entitlement to relief. The Supreme Court in *Twombly* emphasized the need to address such shortcomings at the pleading stage so that groundless claims can be "weeded out" early enough "to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence." *Twombly*, 127 S. Ct. at 1967 (citations omitted). For these reasons, Defendant's Motion to Dismiss should be granted.

### 2. The Vague and Ambiguous Requirements of § 1681c(g) Warrant Dismissal of Plaintiff's Complaint.

Plaintiff's Complaint must be dismissed because § 1681c(g) is vague and subject to multiple interpretations. Fogo de Chao cannot have willfully violated § 1681c(g) where its actions are consistent with a reasonable interpretation of the statute. *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2215, 167 L. Ed. 2d 1045 (2007) (a "careless" reading of the statute cannot constitute a willful violation of FCRA). Plaintiff seeks an overly technical reading of a vague provision, and seeks to unfairly punish Fogo de Chao contrary to the elementary notions of fairness enshrined in our constitutional jurisprudence. *See State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 123 S. Ct. 1513 (2003) ("elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose") (internal citations omitted). Due to the vagueness of the language of § 1681c(g), Fogo de Chao's interpretation of the statute resulting in a truncation of the credit card number, but not the expiration date, was reasonable, and Plaintiff cannot establish a willful violation of § 1681c(g).

Section 1681c(g) states:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the

> card number **or** the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g) (emphasis added). Because Congress used "or" instead of "and," the plain language of § 1681c(g) can be interpreted in several reasonable ways, including: (1) no person shall print: (a) more than the last five digits of the card number on the receipt; or (b) the expiration date on the receipt; (2) no person shall print: (a) more than the last five digits of the card number on the receipt; and (b) more than the last five numbers of the expiration date on the receipt; and (3) no personal shall print: (a)more than the last five digits of the card number on the receipt; and (b) the expiration date on the receipt. Stated another way, the statute would have indicated that *both* items are prohibited if the term "either" appeared on its face, but it does not.

Thus, § 1681c(g) contains a grammatical enigma that makes the language of the statute vague and ambiguous. The confusion has been so great, and the consequences of the confusion are so detrimental, that a new bill has been introduced to Congress seeking to eradicate lawsuits such as this one.[3] In proposing the amendment, Congress makes a number of findings and recognizes in Sec. 2(3), "many merchants understood that this requirement (§ 1681c(g)) would be satisfied by truncating the account number down to the last 5 digits based in part on the language of the provision as well as the publicity in the aftermath of the provision." Therefore, this proposed bill confirms that the FACTA amendment is not clear on its face, and that it is possible that many merchants have attempted to comply with the statute, but misinterpreted the requirements placed on them.

Further, given that federal courts have recognized that there is little benefit, if any, in

---

[3] On October 30, 2007, Representative Tim Mahoney of Florida, introduced H.R. 4008, entitled "Credit and Debit Card Receipt Clarification Act of 2007," which seeks to amend the FCRA to declare that any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale (POS) or transaction between December 4, 2004, and the enactment of the Act, but otherwise complied with FCRA requirements for such receipt, shall not be in willful noncompliance by reason of printing such expiration date on it.

removing the expiration date from a credit or debit card receipt, *see, e.g.*, *Soualian v. Int'l Coffee and Tea, LLC*, No. 07-502-RGK, 2007 U.S. Dist. LEXIS 44208, *10 (C.D. Cal. June 11, 2007) ("[I]t appears virtually impossible for the inclusion of the expiration date on a credit card or debit card receipt to result in identity theft or any other actual harm"); *Spikings v. Cost Plus, Inc.*, No. 06-8125-JFW, 2007 U.S. Dist. LEXIS 44214, *13 (C.D. Cal. May 29, 2007) (same), the reading that the Plaintiff assigns to the statute is unreasonable. Regardless, it is apparent that § 1681c(g) is vague and susceptible to multiple interpretations.

## CONCLUSION

For the foregoing reasons, Defendant, Fogo de Chao, respectfully requests that this Court dismiss Plaintiff's Class Action Complaint with prejudice, and grant such additional relief as this Court deems just and proper.

Dated: March 7, 2008

                                        FOGO DE CHAO CHURRASCARIA (CHICAGO) LLC

                                        By: <u>s / Michael C. McCutcheon</u>
                                                    One of its Attorneys

Firm I.D. #28
J. Patrick Herald
Michael C. McCutcheon
BAKER & McKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL 60601
+1 312 861 8000

CHIDMS1/2603495.1