IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>FOGO DE CHAO CHURRASCARIA<br>(CHICAGO), LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.  07 C 6750<br><br>Judge Marovich<br>Magistrate Judge Shenkier |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff Joseph DiCosola, by and through his attorneys, hereby submits his memorandum

of law in opposition to defendant Fogo de Chao Churrascaria (Chicago), LLC's ("Fogo") motion

to dismiss Plaintiff's Class Action Complaint, stating as follows:

### PRELEIMINARY STATEMENT

In order to protect credit and debit cardholders like Plaintiff from identity theft, Congress,

in 2003, enacted the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the

Fair Credit Reporting Act ("FCRA").  The key provision of FACTA states that:

> [N]o person that accepts credit cards or debit cards for the transaction of business
> shall print more than the last 5 digits of the card number or the expiration date
> upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g).  Congress gave vendors more than three years to comply with FACTA, as

it did not become effective until December 4, 2006.  In addition to this lengthy compliance

period of time, the credit card issuers, vendors of cash registers, and vendors of credit card swipe

machines made well-publicized statements of the necessity for merchants to comply with

FACTA, and indeed had contractual requirements that necessitated merchants such as Fogo to be

compliant with FACTA by December 4, 2006.

Despite these efforts, on February 17, 2007, April 21, 2007, and July 23, 2007, in clear violation of the plain language of FACTA, Fogo issued Plaintiff computer-generated cash register receipts displaying Plaintiff's American Express card expiration date.  Based on the foregoing violations of FACTA, Plaintiff brought this action on behalf of all credit and debit cardholders to whom Fogo provided an electronically printed receipt after December 4, 2006, which receipt displays either: (a) more than the last five digits of the person's credit card or debit card number; and/or (b) the expiration date of the person's credit or debit card.

Defendant now moves to dismiss the action using a kitchen sink approach, arguing that: (i) Plaintiff has failed to plead a "willful violation" of the statute; (ii) FACTA is vague and unenforceable; and (iii) there is no private cause of action under FACTA.  Each and every one of Fogo's arguments has been raised before courts of this district and districts across the country, and each time they have been rejected.   It is of no wonder Fogo cites to no cases directly addressing FACTA claims in connection with these arguments.  Fogo's motion is wholly without support in the law or the facts and should be denied.

## STATEMENT OF FACTS

In 2003 Congress passed FACTA, making illegal for all businesses that accept debit and credit cards to:

> print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

¶8.[1]  Congress gave merchants who accept credit cards and/or debit cards over three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  ¶9.

---

[1]  References to the Complaint are denoted as ¶ __.

Shortly after the Congress passed FACTA, Visa, MasterCard, the PCI Security Standards Council (a consortium founded by Visa, MasterCard, Discover, American Express and JCB), and the companies that sell cash registers and other devices for the processing of credit or debit card payments, informed Fogo about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates. ¶34. Moreover, each of these entities informed Fogo of its need to comply with FACTA. *Id.*

Moreover, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, stated:

Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts.  The card's expiration date will be eliminated from receipts altogether . . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals.

¶36 (quoting a March 6, 2003 PR NEWSWIRE press release entitled "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein") (emphasis added).

Within 24 hours of Visa's March 2003 announcement, MasterCard and American Express announced they were imposing similar requirements.  ¶37.  Furthermore, Visa, American Express, and MasterCard continued to press merchants and businesses that accepted their cards to comply with FACTA after March 2003.  For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p.62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt." ¶38. Moreover the Rules expressly state "the expiration date should not appear at all." *Id.* The Rules also included a picture of a compliant receipt showing precisely what had to be removed.  Under the Rule, VISA required complete compliance with FACTA by July 1, 2006, five months ahead of the statutory deadline.  *Id.*

3

American Express's manual contains a similar depiction of what information must be suppressed on receipts. ¶39.

On three separate occasions, February 17, 2007, April 21, 2007, and July 23, 2007, and in clear violation of the plain language of FACTA, Fogo issued Plaintiff computer-generated cash register receipts displaying Plaintiff's American Express card expiration date, despite being fully aware, willful, or reckless in not complying with FACTA's full truncation requirements and the prohibition on publishing the expiration date on a customers credit or debit card receipt.

## ARGUMENT

### I.    STANDARDS

In ruling on a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F. 2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "'if they do not, the plaintiff pleads itself out of court.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Under the notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (stating that "[a]t this stage the

4

plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## II.    PLAINTIFF HAS ADEQUATELY PLEAD THAT DEFENDANT ACTED WILLFULLY

FACTA provides a private right of action for willful noncompliance. 15 U.S.C. § 1681n. In order to be willful for purposes of 15 U.S.C. § 1681n, a defendant's violation of FACTA must have been either knowing or reckless. *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 784 (N.D. Ill. 2007) (citing *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2208-10 (2007)). Liability under Section 1681n(a) for "willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute and that "a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2208.

Here the Plaintiff has laid out in simple terms his basis for Fogo's willful violation of FACTA:

- ▪ Congress provided merchants such as Fogo over three years to comply with FACTA, yet as late as July 23, 2007, Fogo continued to issue credit card receipts with at least the expiration date;

- ▪ All the major card issuers contractually required merchants, including Fogo, that accepted their cards to comply with FACTA's terms as early as March 2003;

- ▪ All the major credit card issuers provided merchants, including Fogo, with clear instructions regarding the limiting of card numbers to last four digits and excluding the expiration date on receipts, and provided clear exemplars for Fogo and other merchants to follow;

- ▪ The major vendors of credit card swipe machines and cash registers frequently

informed vendors of their obligations under FACTA and similarly provided examples of the proper FACTA compliant receipts; and

- Many of Fogo's competitors have complied with all of FACTA's truncation requirements.

¶¶8, 9, 34-40.

Fogo attacks these allegations on the grounds that the complaint pleads Fogo's alleged knowledge of FACTA based "on information and belief" and that is somehow suspect under the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). First, *Bell Atlantic* does not hold that a complaint pled "on information and belief" is *per se* speculative, but rather requires the district courts to review the facts alleged. *Id.* Moreover, as courts in this district and others have found, the facts alleged by Plaintiff are sufficient to allege a willful violation of FACTA. Where, as here, the pleadings concern matters peculiarly within the knowledge of the defendants, such as whether the defendant had particular knowledge, "conclusory pleading on 'information and belief' should be liberally viewed." *Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2208 WL 836010, at *14n.5 (N.D. Ill. March 28, 2008) (citing *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005)).

The court's decision in *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 784-85 (N.D. Ill. 2007) is particularly instructive regarding the necessary pleadings for a FACTA claim and establishes the sufficiency of the present complaint. In *Iosello*, the plaintiff alleged that he had received a receipt which displayed his card expiration date after the effective date of FACTA. *Id.* at 784. Moreover, the plaintiff alleged that the defendant knew, or should have known, of the enactment of FACTA and the FACTA requirements because "VISA, MasterCard, the PCI Security Standards Council-companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed" the defendant about the requirements of FACTA its need to comply. *Id.* at 784-85. The plaintiff also alleged that a

number of public statements had been made to the media by the credit card companies and that the credit card issuing organizations required compliance by merchants prior to FACTA's effective date. Finally, the plaintiff alleged that the defendant's "business peers and competitors" programmed their card machines and devices to comply with FACTA. *Id.* at 785. Based on these allegations, and in light of *Bell Atlantic*, the court found that "sufficient allegations have been pled in the amended complaint that 'plausibly suggest' that [defendant] willfully violated FACTA." *Id.*

Other courts, both before and after the decision in *Bell Atlantic*, have held that allegations nearly identical to those in the Complaint are sufficient to support an inference of willfulness at this stage of the proceedings. *See Miller v. Sunoco, Inc.*, Civil Action No. 07-1456, 2008 WL 623806, at *2 (E.D. Pa. March 4, 2008) (sufficient allegations of willfulness where defendants "'continue[d] to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA,' although many credit card companies, including Visa and MasterCard, advised companies of the need for compliance with the truncation requirement."); *Gamaly v. Tumi, Inc.,* No. C-07-04758 JF, 2008 WL 512718, at *2-3 (N.D. Cal. Feb. 25, 2008) (similar fact allegation sufficient to plead willfulness); *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614, at *3 (N.D. Ill. Dec. 18, 2007) (Kendall, J.) (plaintiff's allegations of willfulness under FACTA sufficient under *Bell Atalantic* where his amended complaint alleged nearly identical facts to those alleged here); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 962 -963 (N.D. Ill. 2007) (Moran, J.) (same); *see also Lopez v. Gymboree Corp.*, No. 07-739 SI., 2007 WL 1690886, at *2 (N.D. Cal. June 8, 2007); *Ernheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1232-33 (D. Nev.2007).

For all of these reasons, Fogo's arguments are without merit. Plaintiff's complaint

7

adequately alleges Fogo's willful violation of FACTA, and its motion to dismiss should be denied.

## III.    FACTA'S REQUIREMENTS ARE UNAMBIGUOUS

The language of FACTA is unambiguous:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. §1681c(g).

Relying on the Supreme Court's definition of a willful violation of FCRA in *Safeco*, Fogo argues, however, that Congress' use of "or" in the statute renders it so vague that a "reasonable" or merely "careless" reading of the statute would allow for the printing of expirations dates, thus precluding a finding of willfulness. Def. Mem. at 10-11.[2] Once again, Fogo is on the wrong side of the overwhelming weight of authority. Each and every decision concerning FACTA has found the statutory language to be unambiguous. *See MGM Grand*, 524 F. Supp. 2d at 1234-35 (holding that FACTA is not vague or ambiguous such that the defendant's conduct would not be willful); *Iosello*, 502 F. Supp. 2d at 785-86; *Village Squire*, 2007 WL 4522614, at *3; *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965 (C.D.Cal. 2007); *Aeschbacher v. California Pizza Kitchen, Inc.*, No. CV 07-215, 2007 WL 1500853, at *3 (C.D. Cal. Apr. 3, 2007); *Pirian v. In-N-Out Burgers*, No. SA CV 06-1251, 2007 WL 1040864, at *3 (C.D.Cal. Apr. 5, 2007); *Lopez*, 2007 WL 1690886, at *3; *Korman v. The Walking Co.*, 503 F. Supp. 2d 755, 760 (E.D. Pa. 2007) ("The disjunctive 'or' means 'or,' not

---

[2] In *Safeco*, the court held that "willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute and that "a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 127 S. Ct. at 2208.

'and.' A business cannot print 6+ digits or the expiration date. <u>In other words, printing 6+ digits</u> <u>violates FACTA. Also, printing the expiration date violates FACTA.</u>") (emphasis added).

In *Iosello,* the defendant raised the very same vagueness arguments before the court here and offered the same alternative readings of the statute that Fogo does. *Id.* at 785-86. Both Fogo and the *Iosello* defendant argued that the no expiration date language could be: (i) a complete prohibition on the expiration date; but it could also mean (ii) that the merchant was required to shorten the date to less than six numbers; or (iii) that it could mean that the merchant could print either more than the last six numbers of the cardholders card number or the expiration date, but not both. *Id.* at 786; Def. Mem. at 11.

Despite the defendant's arguments and alternative readings of the statute, the court found that:

> the plain language of Section 1681c(g) has only one reasonable meaning . . . . <u>a</u> <u>merchant shall not print more than the last 5 digits of the credit card number upon</u> <u>any receipt and a merchant shall not print the expiration date upon any receipt.</u> In other words, a retailer must print no more than five digits of a card number, and a retailer must also remove the expiration date from the credit card receipt. <u>Printing</u> <u>either more than five digits of the credit card number or the expiration date of the</u> <u>credit card violates Section 1681c(g).</u>

*Iosello* at 786 (emphasis added).

Moreover, the court rejected the defendant's alternate readings of the statute as without merit because shortening the expiration date to less than 5 digits was impractical, and because allowing the "either" printing of more than the last 5 numbers or the expiration date, but not both, rendered the statute meaningless. *Id.* The court concluded:

> Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card. Businesses generally require one's credit card number and the expiration date of that credit card to transact business. <u>Access to both the credit card number and the expiration date of that credit card</u> <u>makes it easier for a thief to commit identity theft.</u> The existence of a law prohibiting the printing of more than the last five digits of the credit card number

makes it difficult for a thief to obtain the victim's credit card number. <u>The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft.</u>

*Id.* (emphasis added). Accordingly, the language of FACTA is unambiguous, and Fogo's motion to dismiss should be denied.

## III.    THERE IS A PRIVATE CAUSE OF ACTION UNDER FACTA

Citing to no case law in support of its argument, Fogo argues that Plaintiff has no private cause of action because the operative section (15 U.S.C. §1681c(g)) uses the term "cardholder," while the FACTA section conferring a private cause of action (15 U.S.C. § 1681n), uses the term "consumer." However, as the court found in *Village Squire,* 2007 WL 4522614, at *3 "FACTA provides a private right of action for willful noncompliance at 15 U.S.C. § 1681n . . . [and] '[t]hat with these words Congress created a private right of action for consumers cannot be doubted.'" (quoting *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)).

Moreover, every court to rule on the issue of whether there is a private right of action to enforce §1681c(g) has found unequivocally that there is a private cause of action. *See e.g.*, *Village Squire*, 2007 WL 4522614, at *2 (holding that the statutory language of §1681c(g) is unambiguous in providing a private right of action for consumers); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1207 (C.D. Cal. 2007) ("The FCRA creates a private right of action for violations of FACTA"); *Eskandari v. IKEA U.S. Inc.*, No. SACV061248JVS (RNBX), 2007 WL 845948, *1 (C.D. Cal. 2007) (holding that the plain language of §1681c (g) and §1681n provide a right of action); *Leowardy v. Oakley, Inc.*, No. SACV 07-53 CJC, 2007 WL 1113984, at *2 (C.D. Cal. 2007); *Aeschbacher*, 2007 WL 1500853, at *3.

Fogo's contention that "not all cardholders are consumers (*i.e.*, individuals) and not all consumers are cardholders" is a difference without distinction. (Defs. Mem. at p. 4). As the

10

Court in *Village Squire* found:

> It is of no moment that, inasmuch as a "cardholder" might be an entity as opposed to an individual, § 1681c(g) protects a broader class than just consumers. Section 1681c(g) is "clearly intended for the protection of consumers, even if it applies broadly to both individual cardholders and entity cardholders. If a defendant willfully . . . fails to comply with § 1681 c(g) with respect to any consumer, that consumer has a private right of action under . . . § 1681n."

*Village Squire, Inc.*, 2007 WL 4522614, at *2 (quoting *Leowardy*, 2007 WL 1113984, at *2-3).

There is no question Plaintiff is in fact an individual, and thus a consumer as governed by 15 U.S.C. 1681n. *See* 15 U.S.C. §1681a(b) (the term "consumer" means "an individual"). Being a "consumer," Plaintiff is empowered by the FCRA to bring an action to enforce 15 U.S.C. §1681c(g). Fogo's arguments to the contrary should therefore be rejected.

## CONCLUSION

Defendant Fogo de Chao Churrascaria (Chicago), LLC's motion to dismiss the Class Action Complaint is fatally flawed and wholly unsupported by the law of this and other circuits. Plaintiff has sufficiently alleged facts that support the allegations that Fogo de Chao Churrascaria (Chicago), LLC willfully violated FACTA, that FACTA is unambiguous, and that he has a private cause of action. The motion to dismiss the Class Action Complaint should be denied.

Respectfully submitted,

JOSEPH DI COSOLA

By: s/David M. Jenkins
One of His attorneys

Anthony G. Barone (ARDC No. 06196315)
David M. Jenkins (ARDC No. 6211230)
**BARONE & JENKINS, P.C.**
635 Butterfield Road, Suite 145
Oakbrook Terrance, Illinois 60181
630/472-0037

Marvin L. Frank
Lawrence D. McCabe
**MURRAY, FRANK & SAILER, LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
212/682-1818