IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DI COSOLA,<br>Individually and on behalf of a class,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOGO DE CHAO CHURRASCARIA<br>(CHICAGO), LLC,<br><br>　　　　Defendant. | Case No. 07 C 6750<br><br>Judge Marovich<br>Magistrate Judge Schenkier |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, FOGO DE CHAO CHURRASCARIA (CHICAGO), LLC ("Fogo de Chao" or "Defendant"), submits the following Reply Brief in Support of its Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint") pursuant to Rule 12(b)(6).

**I.　INTRODUCTION**

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint ("Opposition") relies upon several district court opinions that have endorsed the sweeping, conclusory allegations of willful misconduct that plaintiff offers in lieu of pleading facts sufficient to state a claim for relief that is plausible. Of course, these decisions are not binding on this Court. To the extent the Court might be persuaded by their reasoning, Fogo de Chao respectfully submits that they were decided incorrectly to the extent that they have found that plaintiffs sufficiently pleaded the willfulness required to state a claim under FACTA. Plaintiff's Complaint offers wrought speculation that cannot form the basis for a claim.

Likewise, in support of his arguments that FACTA's requirements are unambiguous and that there is a private right of action created by FACTA for "cardholders", Plaintiff string cites numerous district court decisions from this and other jurisdictions that are not precedential. This Court need not adopt those courts' reasoning and decisions regarding this relatively new statute as its own. These statutory construction and interpretation issues were raised by Fogo de Chao because they are fundamental issues that bear not only upon this case, but on hundreds of cases, filed and unfiled, in this district. They are, accordingly, deserving of close scrutiny by this Court in spite of the seemingly building consensus of other district court judges. In sum, although Plaintiff has identified the opinions of other jurists on the issues raised by Defendant's Motion to Dismiss, he has not identified controlling precedent in his favor, nor has he provided substantial critical analysis of these statutory considerations that would warrant disregarding Fogo de Chao's arguments. For these reasons, Plaintiff's Opposition is ineffective, and the Complaint should be dismissed.

## II. ARGUMENT

### A. Plaintiff's Complaint Is Insufficiently Plead Under the *Twombly* Standard.

Fogo de Chao argued in its opening brief that Plaintiff's Complaint fails to plead sufficient facts to state a claim for a willful violation of Section 1681c(g) because Plaintiff's allegations, which are based primarily "on information and belief," are insufficient to satisfy the new standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). (Def. Memorandum at III.B.2). Plaintiff responds to this argument by selectively quoting portions of its Complaint that he argues satisfy the new standard, but conveniently omits many of those portions that are based "on

information and belief." The plausibility threshold required by *Twombly* simply has not been met by this unsubstantiated pleading. (Cmplt. ¶¶ 33, 34, 39).

For example, Plaintiff has no idea whether Fogo de Chao had any knowledge regarding FACTA, its attendant obligations or when Fogo de Chao learned of FACTA, because Plaintiff's only allegations pertaining to knowledge and willfulness are made solely "on information and belief." (Cmplt. ¶¶ 33, 34, 39). More specifically, Plaintiff alleges *upon information and belief*, the following, critical facts: (1) that Defendant knew of the truncation requirement and prohibition on the printing of expiration dates or was reckless in its failure to follow those requirements in light of the information readily available to it (Cmplt. ¶ 33); (2) that VISA, Mastercard…and other entities informed Defendant about FACTA (Cmplt. ¶ 34); and (3) that Defendant is a party to a contract requiring compliance with VISA's requirements that only the last four digits of an account number should be printed on a receipt and that an expiration date should not appear at all. (Cmplt. ¶ 39).[1] The remainder of Plaintiff's allegations in ¶¶ 35-38, 40-41 are not specific to Fogo de Chao, and in fact, bear no relation to Fogo de Chao at all. As such, there is not a single allegation in Plaintiff's Complaint to "plausibly suggest" that Fogo de Chao willfully violated FACTA.

To support his pleading, Plaintiff cites to a number of district court cases in which similar allegations have been found sufficient to support an inference of willfulness. (*See* Opposition at p. 7, citing *Miller v. Sunoco, Inc.*, Civil Action No. 07-1456, 2008 WL

---

[1] Although Plaintiff brings to the Court's attention the fact that the Seventh Circuit has held that conclusory pleading on 'information and belief' should be liberally viewed in *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005), Opposition at p. 6, that decision was decided prior to *Twombly*.

3

623806, at *2 (E.D. Pa. March 4, 2008); *Gamaly v. Tumi, Inc.*, No. C-07-04758 JF, 2008 WL 512718, at *2-3 (N.D. Cal. Feb. 25, 2008); *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614, at *3 (N.D. Ill. Dec. 18, 2007) (Kendall, J.); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 962-963 (N.D. Ill. 2007) (Moran, J.); *see also Lopez v. Gymboree Corp.*, No. 07-739 SI., 2007 WL 1690886, at *2 (N.D. Cal. June 8, 2007); *Ernheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1232-33 (D. Nev. 2007)). However, none of these decisions are binding or precedential. *See Colby v. J.C. Penny Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987) (finding that district court decisions have no weight as precedent, no authority). Fogo de Chao respectfully submits that these cases were incorrectly decided and should be disregarded by the Court.

It is clear that Plaintiff wants this Court to simply adopt these opinions as its own, and allow his Complaint to stand. Rather than simply following the other courts' lead, however, this Court must review the specific factual allegations made in this Complaint by <u>this</u> Plaintiff and determine whether those specific factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Fogo de Chao respectfully submits that because Plaintiff fails to allege a single material fact that is specific to Fogo de Chao's knowing or willful acts and not based on mere "information and belief," Plaintiff's Complaint fails to plead facts sufficient to state a claim for a willful violation of Section 1681c(g) under the *Twombly* analysis. Without pleading willfulness, Plaintiff has no cause of action.

B.   **FACTA Is Impermissibly Ambiguous.**

Next, Plaintiff argues that the language of FACTA is unambiguous and that Defendant's Motion to Dismiss should be denied because it is against the "overwhelming weight of authority." (Opposition at p. 8). But rather than addressing the specific arguments made by Fogo de Chao, discussing the statute, its construction, or the reasons why he feels that the statute is clear, Plaintiff chooses instead to recite several district court decisions that seem to share his opinion. As explained above, all of the decisions cited by Plaintiff are non-binding and non-precedential, and he has not provided a single appellate court decision to support his view. Granted, FACTA has only recently been attacked and criticized by litigants, but Plaintiff has not even refuted Fogo de Chao's argument with opinions from this district. Therefore, until the Seventh Circuit or another Court of Appeals creates precedential authority on these issues, this Court is free to exercise its own reasoning in finding that Fogo de Chao's arguments are the correct ones. *United States v. Montoya*, 827 F.2d 143 (7th Cir. 1987) (holding that statutory interpretation is something a district court undertakes as a matter of law). Defendant respectfully maintains that Plaintiff's Complaint must be dismissed because Section 1681c(g) is vague and subject to multiple interpretations.

C.   **There Is No Private Right Of Action Within FACTA For Cardholders.**

Finally, Plaintiff argues that there is a private cause of action for "cardholders" under FACTA. Plaintiff relies primarily upon the district court's decision in *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill, Dec. 18, 2007), in arguing that Fogo de Chao's contention that "not all cardholders are consumers

(*i.e.* individuals) and not all consumers are cardholders" is a difference without distinction. (Opposition at pp. 10-11). However, the Court in *Village Squire* failed to address the defendant's argument that "consumer" and "cardholder" are different and distinct terms. *Id.* at *6-7 (defendant's "argument that § 1681n creates no private right of action for 'cardholders' is unavailing because (1) [plaintiff] is a consumer; and (2) the allegation that [defendant] failed to comply with § 1681c(g) when it gave [plaintiff] a receipt that included the expiration date of his card is an allegation that [defendant] failed to comply with a statutory requirement with respect to a consumer: plaintiff.") Thus, *Village Squire* is not directly informative, much less persuasive, authority for Plaintiff's position.

Fogo de Chao respectfully maintains that "consumer" and "cardholder" are two separate and distinct terms used by Congress, and that a private right of action under § 1681 does not exist for the later. Where purported technical violations of a statute will result in a windfall to a plaintiff who has suffered no actual harm or injury, a private right of action should not be recognized unless it is abundantly clear from the language of the legislation that this is what was intended.

## III.    CONCLUSION

For the foregoing reasons, Defendant, Fogo de Chao, respectfully requests that this Court dismiss, with prejudice, Plaintiff's Class Action Complaint, and grant such additional relief as this Court deems just and proper.

Dated: April 29, 2008

                        FOGO DE CHAO CHURRASCARIA (CHICAGO) LLC

                        By:  s / Michael C. McCutcheon
                              One of its Attorneys

Firm I.D. #28
J. Patrick Herald
Michael C. McCutcheon
BAKER & McKENZIE LLP
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL  60601
+1 312 861 8000

CHIDMS1/2615851.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

>Anthony G. Barone (agbaronelaw@aol.com)
>David M. Jenkins (dmjenkinslaw@aol.com)
>Barone & Jenkins, P.C.
>635 Butterfield Road, Suite 145
>Oakbrook Terrace, Illinois 60181

>s/Michael C. McCutcheon
>J. Patrick Herald
>Michael C. McCutcheon
>BAKER & McKENZIE LLP
>One Prudential Plaza, Suite 3500
>130 E. Randolph Drive
>Chicago, IL 60601
>Phone: +1 312 861 8000
>Facsimile: +1 312 861 2899